```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JAMES FRANCIS LEINENBACH,       :    CRIMINAL ACTION
        Petitioner,             :    NO.  93-cr-280
                                :
        V.                      :    CIVIL ACTION
UNITED STATES OF AMERICA,       :    NO. 06-139
                                :
        Respondent,             :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                             AUGUST 13, 2010

      Pending before the Court is the petition for a writ of audita querela (the "Petition"), filed by Petitioner James Francis Leinenbach ("Petitioner"), challenging the legality of his criminal sentence.

I.    FACTUAL AND PROCEDURAL HISTORY

      On May 28, 1993, a grand jury in the Eastern District of Pennsylvania indicted Petitioner on one count of conspiracy to manufacture and distribute more than one kilogram of methamphetamine, in violation of 21 U.S.C. § 846; one count of distribution of three pounds of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and one count of possession of three pounds of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). See Indictment. A jury trial was held before the Honorable Lowell A. Reed, Jr., United States District Court for the Eastern District of Pennsylvania, and on May 16,

1994, a jury convicted Petitioner on all counts.  See Gov't Resp. 1.  On November 14, 1994, District Judge Reed sentenced Petitioner to 324 months imprisonment (108 months for each count to be served consecutively).  See id.

On November 25, 1994, Petitioner filed a timely notice of appeal of his conviction and sentence, which was affirmed by the United States Court of Appeals for the Third Circuit on December 20, 1995.  United States v. Leinenbach, 70 F.3d 1258 (3d Cir. 1995).  The United States Supreme Court denied certiorari on October 7, 1996.  United States v. Leinenbach, 519 U.S. 807 (1996).

On May 30, 2002, Petitioner filed a habeas petition under 28 U.S.C. § 2255, which was denied on the merits on August 30, 2002.  See doc. nos. 197, 198, 205.  Thereafter, the Third Circuit denied a certificate of appealability on August 29, 2003.  See C.A. No. 02-3693.

On April 28, 2003, Petitioner filed a pro se motion seeking a reduction of his sentence, under 18 U.S.C. § 3582(c)(2), which the Court denied on August 25, 2004.[1]  See doc. nos. 209, 219.

On February 3, 2006, Petitioner filed a second pro se §2255 habeas petition.  See doc. no. 232.  On February 14, 2006,

---

[1] On July 25, 2003, Petitioner's case was reassigned to the Court.  See doc. no. 213.

the Court dismissed the petition without prejudice as it lacked subject matter jurisdiction to consider the petition because it was a second or successive petition under § 2255 and it was filed without permission from the Third Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).  See doc. no. 233.

On May 17, 2006, Petitioner filed a pro se motion for a reopening of the trial judgment, pursuant to Fed. R. Civ. P. 60(b), which the Court denied with prejudice on January 5, 2007, finding that the motion was a "thinly disguised second or successive motion" under § 2255.  See doc. nos. 235, 238.

On March 20, 2008, Petitioner filed a pro se motion to correct "an illegal sentence," pursuant to Fed. R. Crim. P. 35(a), which the Court denied with prejudice on August 19, 2008. See doc. nos. 247, 252.  Thereafter, Petitioner appealed the Court's order, which the Third Circuit summarily affirmed on February 18, 2009.  United States v. Leinenbach, 318 Fed. App'x 53 (3d Cir. 2009).  On March 4, 2009, Petitioner filed a petition for rehearing en banc that was also denied by the Third Circuit on April 1, 2009.  See C.A. No. 08-3661.  The Supreme Court denied certiorari on October 5, 2009.  United States v. Leinenbach, 130 S. Ct. 160 (2009).

On January 8, 2010, Petitioner filed the pending Petition, entitled "Petition for Writ of Audita Querela Pursuant to 'All Writs Act' of 28 U.S.C. § 1651."  See Pet'r's Pet.  On

February 4, 2010, the Government filed a response and Petitioner filed a reply on February 17, 2010. See Gov't Resp.; Pet'r's. Reply.

II. LEGAL STANDARD

The writ of audita querela[2] is a common law writ that was used to obtain "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (quoting United States v. Ayala, 894 F.2d 425, 427 (D.C. Cir. 1990) (internal citations omitted)). A party seeking the writ acknowledges that the judgment was valid when rendered, but argues that the judgment has since become invalid due to matters arising post-judgment. See United States v. Coleman, 162 Fed. App'x 163, 165 n.1 (3d Cir. 2006) (non-precedential).

Although Fed. R. Civ. P. 60(e) abolished the writ of audita querela in civil cases, "the writ is [still] available in criminal cases to the extent that it fills in the gaps in the current system of post-conviction relief."[3] Massey, 581 F.3d at

---

[2] Audita querela is Latin for "the complaint having been heard." Black's Law Dictionary 150 (9th ed. 2009).

[3] Although Petitioner does not mention the case explicitly, the Court presumes that Petitioner has based his petition on Kessack v. United States, 2008 WL 189679 (W.D. Wash. Jan. 18, 2008), an unpublished decision from the Western District of

-4-

174 (citing United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001)). The writ is available under the All Writs Act, 28 U.S.C. § 1651, which is an act that "is a residual source of authority to issue writs that are not otherwise covered by statute." Id. (quoting Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985)). However, if a "statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id. Accordingly, courts have limited available remedies under the writ of audita querela to only those instances in which there are gaps in the framework of post-conviction relief for which no other remedy is available. See United States v. Hannah, 174 Fed. App'x 671, 673 (3d Cir. 2006) (non-precedential), cert. denied 549 U.S. 914 (2006); Valdez-Pacheco, 237 F.3d at 1079 (9th Cir. 2001).

---

Washington. In Kessack, the district court suggested that the writ of audita querela might be used "to achieve justice in extraordinary situations where other post[-]conviction remedies are unavailable." Id. at *6. In essence, the Kessack decision suggests that a failure to retroactively apply a new rule of law upon collateral review creates a "gap" in § 2255 remedies which a writ of audita querela may fill. The Honorable Stanley R. Chesler, United States District Court for the District of New Jersey, appropriately characterized Kessack in stating that it "is, quite frankly, a small island in a sea of cases that have refused to permit petitioners to invoke the writ of audita querela to avoid complying with the requirements of § 2255(h)." Gore v. United States, No. 90-304, 2009 WL 512160, at *5 (D.N.J. Feb. 27, 2009).

III. ANALYSIS

On January 8, 2010, Petitioner filed the instant Petition, in which he seeks review of his sentence based on "the Third Circuit's re-interpretation of 21 U.S.C. § 841 requir[ing] the application of a greater standard of proof (clear and convincing evidence) during the original sentencing proceedings . . . ." See Pet'r's Pet. 4. Therein, Petitioner claims that his sentence of 324 months imprisonment is invalid because the trial court erred when it determined the attributable drug quantity under the less demanding preponderance of the evidence burden of proof. See id. at 16-19, 24. Petitioner contends that, in light of United States v. Vazquez, 271 F.2d 93 (3d Cir. 2001), the trial court should have conducted its analysis of the Government's evidence of attributable drug quantity under the more demanding burden of proof, clear and convincing evidence. See Pet'r's Pet. 16-19, 24. Further, Petitioner contends that he was unable to assert this error prior to the instant Petition as it was previously unavailable and, as such, provides a basis for his failure to raise the issue in prior habeas petitions. See id. at 10-13.

In response, the Government argues that a writ of audita querela, pursuant to the All Writs Act, is inapplicable in this context. First, the Government contends that a district court can only modify a final sentence pursuant to Fed. R. Crim.

P. 35 and 18 U.S.C. § 3582.  See Gov't Resp. 4.  Second, the Government contends that Petitioner's writ is actually a § 2255 motion and that a writ cannot be invoked to evade the rules governing § 2255 motions.  See id. at 5.  Finally, the Government argues that the All Writs Act is applicable only where no other remedy is available and since § 2255 provides a means of relief, the All Writs Act is inapposite.  See id. at 6.

In his reply, Petitioner argues that the merits underlying his Petition are still valid and the Government has failed to address those merits.  See Pet'r's Reply 1.  Petitioner reiterates that United States v. Morgan, 346 U.S. 502 (1954) provides authority for the Court to issue a writ of audita querela to review his sentence, in light of Vazquez.  See id. at 2-4.

Despite Petitioner's characterizations otherwise, the relief he is seeking — the vacatur of his original sentence — is precisely the type of relief afforded by a petition under 28 U.S.C. § 2255.  A motion to vacate a sentence, pursuant to § 2255, is the presumptive means by which a federal prisoner can challenge his sentence.  Massey, 581 F.3d at 174; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  In Massey, the Third Circuit held that:

> A motion to vacate [a] sentence pursuant to 28 U.S.C. § 2255 is the means [by which] to collaterally challenge a

-7-

> federal conviction or sentence . . . . [A defendant] may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") [28 U.S.C. §§ 2241 et seq.] for filing a second or successive § 2255 motion to vacate sentence.

Massey, 581 F.3d at 174 (citing Valdez-Pacheco, 237 F.3d at 1080 (noting that a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs"); see also United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam) (stating that a prisoner may not resort to a writ of coram nobis merely because he cannot meet AEDPA's gatekeeping requirements)).

In this case, Congress, by enacting 28 U.S.C. § 2255, provided a specific avenue by which a defendant could attack the legality of a sentence. Given that Congress has provided a specific vehicle of relief, Petitioner is unable to do so by way of a writ of audita querela.

IV. CONCLUSION

For the reasons set forth above, Petitioner's petition for a writ of audita querela will be denied.

An appropriate order follows.